IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LAVERNE JONES                                                                                    PLAINTIFF

vs.                                                                                   No. 1:06CV129-D-B

WAL-MART STORES, INC.; and HARTFORD
LIFE AND ACCIDENT INSURANCE COMPANY                                                DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court is the Defendant's motion for summary judgment. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*

The Plaintiff worked for Wal-Mart as an associate until December 24, 2002. While employed by Wal-Mart, the Plaintiff was insured under its employee welfare benefit plan, through which she was covered by its short-term disability plan. Wal-Mart offered the plan to its employees pursuant to the Employee Retirement and Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) (ERISA). The Defendant Hartford was the insurer of the short-term disability portion of the plan.

The Plaintiff stopped working for Wal-Mart on December 24, 2002, and later claimed that she became disabled due to sarcoidosis (combined with other conditions, including asthma) beginning on either December 25, 2002, or January 2, 2003. The Plaintiff contacted Hartford to make a claim for short-term disability benefits, which was formally denied by Hartford on March 27, 2003. While there are now some differences of opinion between the parties as to whether the Plaintiff appealed this decision to Hartford in a timely manner, it is undisputed that she filed this suit in this court on April 26, 2006, pursuant to ERISA. The Defendants have now jointly moved for summary judgment.

### B. *Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

### C. *Discussion*

ERISA does not, itself, provide a statute of limitations for an action to enforce plan rights. 29 U.S.C. § 1132; Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir. 1992). Thus, in determining

whether a suit has been timely filed, the court must apply the state statute of limitations most analogous to the cause of action raised. Hogan, 969 F.2d at 145. Because the Plaintiff's claim here is for wrongful denial of benefits, the court finds that the applicable statute of limitations is Mississippi's catch-all statute of limitations found at Section 15-1-49 of the Mississippi Code; that statute provides that all actions without a specific period of limitation must be commenced within three years after the cause of action accrued. Miss. Code Ann. § 15-1-49; Heagy v. Hartford Life Ins. Co., No. 1:05CV112-D-D, 2006 WL 1778921, at *4 (N.D. Miss. June 26, 2006).

Under ERISA, a cause of action accrues when a claim for benefits is formally denied. Harris Methodist Fort Worth v. Sales Support Services Inc. Employee Health Care Plan, 426 F.3d 330, 337 (5th Cir. 2005); Hall v. National Gypsum Co., 105 F.3d 225, 230 (5th Cir. 1997); Hogan, 969 F.2d at 145. Here, the parties do not dispute that Hartford formally denied the Plaintiff's claim for short-term disability benefits on March 27, 2003. Thus, the statute of limitations on the Plaintiff's claim expired on March 27, 2006. The Plaintiff, however, did not file this action until April 26, 2006, one month after the limitations period expired. Because the Plaintiff did not file this action in a timely manner, the court is constrained to find that the statute of limitations bars this action. See, e.g., Heagy, 2006 WL 1778921, at *4; Alexander v. Prudential Fin., Inc., No. B-05-267, 2006 WL 1984447, at *5 (S.D. Tex. July 14, 2006). Accordingly, the Defendants' motion for summary

judgment shall be granted and the Plaintiff's claims dismissed.

A separate order in accordance with this opinion shall issue this day.

This the 24th day of September 2007.

/s/ Glen H. Davidson
Senior Judge